plaintiff passenger's testimony that she fell to the floor of the bus when the bus came to a "violent short stop" between Third and Second Avenues, before it stopped at the Second Avenue bus stop. Thus, defendants failed to establish that the emergency created by the taxicab absolved them from negligence with respect to the stop that caused plaintiff's fall. To the extent plaintiff's testimony conflicts with the driver's testimony concerning the stops made by the bus, the conflict presents issues of fact that preclude summary judgment. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO FLORES, Appellant. [40 NYS3d 777]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Bruce Allen, J.), rendered June 18, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HERNANDEZ, Appellant. [40 NYS3d 777]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Bruce Allen, J.), rendered July 28, 2015, as amended August 6, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ MICHAEL SAAB, Appellant, v CVS CAREMARK CORPORATION et al., Respondents. [42 NYS3d 95]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 5, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established prima facie that any defect in the sidewalk that allegedly caused plaintiff to trip and fall was insignificant and that there were no surrounding circumstances